**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIE J. STRONG, JR.,**

                **Plaintiff,**

                                                          **5:16-CV-1054 (NAM/ATB)**

**v.**

**THE CITY OF SYRACUSE,
POLICE OFFICER GONZALEZ,
and POLICE OFFICER KATELL,**

                **Defendants.**
_____

**Appearances:**

Fred Lichtmacher
116 West 23rd St., Suite 500
New York, New York 10011
*Attorney for Plaintiff*

Christina F. DeJoseph
Khalid Bashjawish
City of Syracuse Corporation Counsel
233 East Washington Street - Room 300
Syracuse, New York 13202
*Attorneys for Defendants*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Willie J. Strong, Jr. brings this action under 42 U.S.C. § 1983 against the City of Syracuse ("City"), Police Officer Gonzalez, and Police Officer Katell (collectively the "Defendants"), alleging constitutional violations related to his arrest by the officers in September 2013. (Dkt. No. 1). Now before the Court is the Defendants' unopposed motion

for judgment on the pleadings as to Plaintiff's third cause of action. (Dkt. Nos. 57, 60). For the following reasons, the motion is granted.

## II. BACKGROUND

Plaintiff alleges that on September 2, 2013 at approximately 2:00 a.m., he was pulled over by Defendant Officers Gonzalez and Katell and ordered to get out of his vehicle. (Dkt. No. 1, ¶ 10). Plaintiff claims that he complied with the officers' orders and exited the vehicle with his hands raised, whereupon the officers charged at him, struck him in the head, put him in handcuffs, and kicked, elbowed, and punched him, all while "hurling racial slurs at him." (*Id.*, ¶¶ 11–12, 14). Plaintiff claims that he was taken to the hospital and received stitches for his injuries, and that "[t]here was no need to use any force much less the gratuitous, malicious force employed, before and after the handcuffs were placed on [him]." (*Id.*, ¶¶ 15–16).

Plaintiff's claims are as follows: (1) excessive force against the officers; (2) failure to intervene against the officers; and (3) a municipal liability claim against the City pursuant to *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Dkt. No. 1).

The *Monell* claim alleges that the City "tolerates members of the [Syracuse Police Department ("SPD")] committing acts violating the Fourth Amendment rights of members of the African American community." (*Id.*, ¶ 30). Plaintiff alleges that "Syracuse operates and controls a police department with numerous members, insensitive and hostile to the African American community," and that "SPD has had frequent instances of the use of gratuitous, unreasonable and excessive force against members of the African American community as well as other violations of that community's constitutional rights and still, Syracuse has failed to take effective action to curtail the aforementioned behavior by its officers." (*Id.*, ¶¶ 32–33). Plaintiff claims that the City of Syracuse, "via its *de facto* policy of tolerating the abuse of

2

African Americans, caused plaintiff to sustain physical injuries, including permanent and non-permanent physical injuries . . . ." (*Id.*, ¶ 36).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits the entry of judgment as a matter of law on the basis of the pleadings alone. *See* Fed. R. Civ. P. 12(c); *Oneida Indian Nation v. Phillips*, 397 F. Supp. 3d 223, 229 (N.D.N.Y. 2019). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Id*. "To survive a Rule 12(c) motion, [the] 'complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions, however, are not afforded the same presumption of truthfulness. *Id*. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Fed. R. Civ. P. 8 (a)(2). In other words, to survive dismissal the allegations in the complaint must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Moreover, "[i]n this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such

3

that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a 'modest' burden." *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018); *see also McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (noting that for an unopposed motion to dismiss, courts must "assume the truth of a pleading's factual allegations and test only its legal sufficiency") (citing *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996)). Accordingly, although Plaintiff states that he does not oppose Defendants' motion to dismiss his *Monell* claim (Dkt. No. 60), the Court will evaluate Defendants' arguments on the merits.

## IV.  DISCUSSION

The Defendants argue that the Court should dismiss Plaintiff's *Monell* claim because "Plaintiff's conclusory allegations wholly fail to plausibly allege a municipal liability claims against the city under Section 1983." (*See* Dkt. No. 57, pp. 4–11). The Defendants characterize Plaintiff's allegations as asserting two theories of municipal liability: (1) that constitutional violations were widespread and tolerated by the City through an unofficial, *de facto* policy; and (2) that the City was deliberately indifferent to known abuses based on its failure to train and/or discipline its officers. (*Id.*, pp. 6–7). The Defendants argue that the first theory fails because Plaintiff asserts only "boilerplate statements" that SPD officers routinely commit acts that violate the rights of African Americans without alleging any specific instances of misconduct amounting to a pattern or practice of misconduct. (*Id.*, pp. 7–9). Similarly, the Defendants argue that the second theory fails because Plaintiff does not allege a pattern of misconduct and therefore "cannot plausibly allege an obvious need to discipline officers, much less deliberate indifference." (*Id.*, pp. 9–10). In sum, Defendants contend that

4

Plaintiff's *Monell* claim must be dismissed because it consists of only conclusory allegations that are entirely unsupported by any facts. (*Id.*, pp. 10–11).

It is well-established that a municipality may not be held liable under Section 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694–95. Rather, municipalities are responsible only for "their own illegal acts," *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986), and are not vicariously liable for civil rights violations perpetrated by their employees. *See Monell*, 436 U.S. at 691.

In order to plead a Section 1983 claim for municipal liability, a plaintiff must plausibly allege that he suffered a constitutional violation, and that the violation resulted from an identified municipal policy or custom. *Id.* at 694–95. In order to plausibly allege a municipal policy or custom, a plaintiff must offer facts showing any of the following: (1) a formal policy, officially promulgated by the municipality, *id.* at 690; (2) an action taken by the official responsible for establishing policy with respect to a particular issue, *Pembaur*, 475 U.S. at 483–84; (3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1985) (plurality opinion); or (4) a failure to train, supervise, or discipline that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff appears to invoke the latter two theories. However, upon review of the Complaint, the Court finds that Plaintiff's allegations do not plausibly suggest that the City of Syracuse followed a *de facto* policy that tolerated the widespread use of excessive force against African Americans, nor that the City was deliberately indifferent to constitutional violations by SPD officers.

5

Isolated acts of excessive force "are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012). "On the other hand, such acts would justify liability of the municipality if, for example, they were done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware, or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id*. Critically here, Plaintiff fails to allege any specific instances of misconduct by SPD, aside from his own case, that can support an inference of a widespread pattern or practice of excessive force that could amount to a municipal policy or custom. Thus, Plaintiff's first *Monell* theory must fail.

Relatedly, in order to plausibly allege deliberate indifference under Plaintiff's second theory, he must offer facts suggesting that "a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Jones*, 691 F.3d at 81. Thus, a failure to train and/or discipline can constitute a municipal custom "only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need." *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) (quoting *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007)).

Here, Plaintiff fails to plausibly allege that the City was deliberately indifferent or ignored a need to train or discipline SPD officers because, as discussed above, there is no indication of any known pattern of unconstitutional police misconduct. While Plaintiff claims

6

there are "frequent" and "widespread" instances of excessive force by SPD, such bald allegations, without more, are insufficient. *See Walker v. City of New York*, No. 14-CV-0808, 2015 WL 4254026, at *5–11, 2015 U.S. Dist. LEXIS 91410, at *13–31 (S.D.N.Y. July 14, 2015) (finding that the plaintiff's conclusory allegations of similar misconduct in the past did not create a plausible inference of deliberate indifference and also that the plaintiff did "not allege any specific facts as to the contents of the complaints, how many were filed, and when they were filed"). Nor can Plaintiff rely on other complaints of excessive force, without facts indicating whether they were adjudicated or otherwise substantiated in a way that would warrant discipline and additional training. Simply put, without notice of the alleged problem, the City could not have been deliberately indifferent to it.

In sum, Plaintiff's conclusory allegations are insufficient to plausibly infer a custom or policy to support municipal liability. Therefore, Plaintiff's *Monell* claim must be dismissed. *See Arrindel-Martin v. City of Syracuse*, No. 18-CV-780, 2018 WL 6622193, at *5–8, 2018 U.S. Dist. LEXIS 212597, at *10–22 (N.D.N.Y. Dec. 18, 2018) (granting the defendants' motion to dismiss where the plaintiff failed to allege instances of misconduct from which a pattern of unconstitutional conduct could be inferred, or that the defendants were deliberately indifferent to the alleged conduct); *Isaac v. City of New York*, No. 16-CV-4729, 2018 WL 5020173, at *16–19, 2018 U.S. Dist. LEXIS 132995, at *48–56 (E.D.N.Y. Aug. 6, 2018) (same).

V. **CONCLUSION**

For these reasons, it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's third cause of action (Dkt. No. 57) is **GRANTED**; and it is further

7

**ORDERED** that Plaintiff's third cause of action, the *Monell* claim, is **DISMISSED with prejudice**; and finally, it is

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:  January 13, 2020
       Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge